IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Andrew L.,[1] | C/A No.: 1:20-cv-3319-SVH |
| Plaintiff, | |
| vs. | ORDER |
| Martin O'Malley, Commissioner of Social Security Administration,[2] | |
| Defendant. | |

This matter is before the court on Plaintiff's counsel's motion for fees under 42 U.S.C. § 406(b). [ECF No. 38]. Counsel filed a civil action on behalf of Plaintiff on September 18, 2020. [ECF No. 1]. On January 10, 2022, the undersigned issued an order granting the parties' joint motion to remand for further administrative proceedings and reversed the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [ECF No. 33]. On March 17, 2022, the undersigned granted Plaintiff's motion for attorney fees under the EAJA, and awarded $5,514.50 in attorney fees. [ECF No. 37].

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Martin O'Malley was confirmed by the Senate and sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Fed. R. Civ. P. 25(d), he is substituted for Andrew M. Saul as a party to this action.

The Commissioner subsequently issued a decision finding Plaintiff disabled under the rules of the Social Security Act and awarding past-due disability insurance benefit ("DIB") payments retroactive to March 2018, as reflected in a notice of award dated April 25, 2024. [ECF No. 38-5].

On July 3, 2024, Plaintiff's counsel requested the court authorize a total fee of $40,172.43 for services rendered to Plaintiff in the federal courts. [ECF No. 38]. The Commissioner filed a response neither supporting nor opposing Plaintiff's counsel's motion, as he "has no direct financial stake in the outcome of this motion." [ECF No. 39]. The court has considered counsel's motion for fees under 42 U.S.C. § 406(b) and approves the motion.

I.     Consideration of Motion for Attorney Fees Under 42 U.S.C. § 406(b)

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the court may "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt*, 535 U.S. 789 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness where the agreed-upon fee does not exceed the statutory ceiling of 25%. Nevertheless, the contingent fee may be reduced from the agreed-upon amount "when (1) the fee is out of line 'with the character of the

representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhardt*, 418 F.3d 424, 427 (4th Cir. 2005), *citing Gisbrecht* at 808.

The record contains a copy of the contingent fee agreement, signed by Plaintiff, which provides:

> If it is necessary to file an appeal in the Federal Court, the six thousand ($6,000.00) Dollar fee limitation shall not apply, and the agreed upon fee shall be twenty-five percent of all past due benefits, whether Title II, Title XVI, or a combination of the two.
>
> I acknowledge that a federal court may award my attorney a reasonable fee under the Equal Access to Justice Act ("EAJA"), in which event such award shall be payable to my attorney and retained by my attorney to the extent permitted by law, and I shall not be entitled to any such award and assign said award to my attorney and authorize him to endorse my signature upon any check representing payment of an attorney's fee under the EAJA; provided, however, that I may be entitled to a credit for such fee in the event my attorney is awarded an additional fee for federal court services under 42 U.S.C. § 406(b).

[ECF No. 38-4 at 1]. Counsel secured for Plaintiff $160,689.72 in total past-due DIB proceeds. [ECF No. 38-5]. He requests the court approve a fee of $40,172.43, which represents 25% of Plaintiff's past-due benefits. Because the requested fee does not exceed the statutory ceiling of 25% set forth in *Gisbrecht*, the court considers only the reasonableness of the fee.

3

The court concludes the fee is not out of line with the character of the representation and the results achieved. Counsel represented Plaintiff at the administrative level and before the court, beginning in April 2020. [ECF No. 35-2]. He obtained for Plaintiff total past-due benefits of $160,689.72, continuing monthly benefits of $2,361, and entitlement to Medicare. [ECF No. 38-5]. In consideration of the nature of the representation, the period of the representation, and the benefits obtained, the court concludes the fee is not out of line with the character of the representation and the results achieved.

The court further determines counsel did not cause any delays that affected the accumulation of past-due benefits during the pendency of the case in this court. Counsel filed a brief within 35 days of the Commissioner's filing of the answer and administrative record.

The court finds the requested fee is large in comparison to the amount of time counsel spent on the case. Counsel represented Plaintiff for 26.9 hours at the district and appellate court levels beginning in April 2020. [ECF No. 35-2 at 1].[3] The requested fee represents an effective hourly rate of $1,493.40. In similar cases, other attorneys have asserted reasonable non-contingent

---

[3] Plaintiff's counsel included a time sheet reflecting total time of 55.05 hours, but the time sheet includes time for work performed at the administrative level. *See* ECF No. 38-2. Because 42 U.S.C. § 406(b) addresses only "FEES FOR REPRESENTATION BEFORE THE COURT," the undersigned has considered only the time counsel spent before the federal courts as reflected in the EAJA petition. *See* ECF No. 35-2.

4

hourly rates to be between $300 and $800. *See Cortney S. v. Kijakazi*, C/A No. 1:20-cv-3483-SVH, ECF No. 33 at 5 (D.S.C. June 7, 2023) stating "[a] reasonable market-based non-contingent hourly rate for these services would be $350–$425 per hour for [an] experienced Social Security disability litigator"); *Vincent D. S. v. Kijakazi*, C/A No. 1:21-cv-1561-SVH, ECF No. 26 at 5 (D.S.C. May 30, 2023) (representing counsel's normal hourly rate to be between $500 and $800); *Darlene G. v. Kijakazi*, C/A No. 1:20-cv-2619-SVH, ECF No. 37 at 5 (D.S.C. Mar. 29, 2023) (indicating a market-based hourly rate of $300 to $450). Thus, the fee requested by counsel exceeds the non-contingent hourly rates generally charged by other attorneys in the district.

Although the fee requested by counsel exceeds the market rate in non-contingent cases, this court has recognized that attorney fees in contingent cases may reasonably exceed the market rate in similar non-contingent cases. "If the fee approved for [] counsel was limited to the hourly rate an attorney could earn without the risk of a contingency fee . . . 'plaintiffs may find it difficult to obtain representation.'" *Duval v. Colvin*, C/A No. 5:11-577-RMG, 2013 WL 5506081, at *1 (D.S.C. Sept. 30, 2013) (quoting *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 246 (4th Cir. 2010)). While the requested fee is large in comparison to the amount of time counsel spent on the case, because he accepted representation along with the risk of no payment, the difference between the requested fee and the market rate for non-contingent

5

representation does not result in a windfall such that the fee should be reduced by the court.

The court finds the contingent fee agreement complies with 42 U.S.C. § 406(b)(1)(A) in that it is both reasonable and does not exceed the statutory maximum fee. Therefore, the court grants Plaintiff's counsel's motion for fees under 42 U.S.C. § 406(b), approves a total attorney fee of $40,172.43, and directs the Commissioner to release this amount from the funds withheld from Plaintiff's past-due benefits to pay attorney W. Daniel Mayes.

II.     Refund of EAJA Fees

Pursuant to 42 U.S.C. § 406(b)(1)(A), "no other fee may be payable or certified for payment for representation" except for a fee "not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled." An uncodified 1985 amendment to the EAJA provides for fee awards to be made under both the EAJA and 42 U.S.C. § 406(b), but it provides the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Rice v. Astrue*, 609 F.3d 831, 836 (5th Cir. 2010) (quoting *Gisbrecht*, 535 U.S. at 796). "Because the Social Security Act (SSA) and the Equal Access to Justice Act (EAJA) both allow attorneys to receive fees for successful Social Security representations, Congress enacted a Savings Provision to prevent attorneys from receiving fees twice for the 'same work' on behalf of a claimant." *Parrish v. Commissioner of Social Sec. Admin.*, 698 F.3d 1215,

6

1216–17 (9th Cir. 2012) (citing Pub. L. No. 99-80, § 3, 99 Stat. 183, 186 (1985) (adding "Savings Provision" to 28 U.S.C. § 2412 notes)).

Counsel previously received an EAJA fee and agrees it should be refunded to Plaintiff. [ECF No. 38-1]. Therefore, the undersigned directs counsel, upon receipt of the $40,172.43 fee approved herein to refund to Plaintiff $5,514.50, representing the EAJA attorney fee paid in this action.

IT IS SO ORDERED.

July 8, 2024 Shiva V. Hodges
Columbia, South Carolina United States Magistrate Judge